FILED
United States Court of Appeals
Tenth Circuit

August 13, 2015

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

_____

UNITED STATES OF AMERICA,

    Plaintiff - Appellee,

v.

JEREMY JEVON BARNES,

    Defendant - Appellant.

No. 15-6025
(D.C. No. 5:14-CR-00101-C-1)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PORFILIO**, **BALDOCK**, and **MURPHY**, Circuit Judges.[**]
_____

Defendant Jeremy Barnes pled guilty to being a felon in possession of a firearm. See 18 U.S.C. § 922(g)(1). Before doing so, Defendant twice requested an extension of time to file pretrial motions. The district court granted the first but denied the second. The sole issue Defendant raises on appeal is whether the court abused its discretion in denying his second request. Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

On February 5, 2014, Oklahoma law enforcement went to Defendant's home following an allegation of child abuse. While there, officers searched the home and

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[**] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case therefore is ordered submitted without oral argument.

found three firearms and hundreds of rounds of ammunition. Officers then questioned Defendant's neighbor and discovered Defendant had placed twenty firearms and multiple rounds of ammunition on the neighbor's back porch. Defendant thereafter conceded the firearms found in his home and on his neighbor's back porch were his.

On May 20, 2014, the Government charged Defendant with being a felon in possession of a firearm. Pursuant to the local rules, pretrial motions were due 21 days later, on June 11. On June 17, Defendant's counsel filed an unopposed motion to continue the trial and to extend the period for pretrial motions in order to allow time to prepare for trial. The court granted this motion and extended the pretrial motions deadline to July 8. During this extension period Defendant failed to file any pretrial motions. Defendant eventually retained new counsel, and on July 29 he moved once again to continue the trial and extend the period for pretrial motions. The court granted Defendant's request to continue the trial date but declined to extend the already expired deadline to file pretrial motions. On August 20, Defendant entered a conditional plea of guilty, and on February 12, 2015, the court sentenced Defendant to 65 months in prison.

On appeal, Defendant characterizes his request to reopen the time for filing pretrial motions as a request for a continuance. We review the denial of a motion to continue under an abuse of discretion standard. United States v. Rivera, 900 F.2d 1462, 1475 (10th Cir. 1990). "Broad discretion must be granted trial courts on matters of continuances." Morris v. Slappy, 461 U.S. 1, 11 (1983); see also United States v. Mendoza-Salgado, 964 F.2d 993, 1016 (10th Cir. 1992). When reviewing for an abuse of discretion, we will not reverse unless the district court's denial of the motion to continue

-2-

was arbitrary or unreasonable *and* materially prejudiced the defendant. United States v. McKneely, 69 F.3d 1067, 1077 (10th Cir. 1995) (citing Rivera, 900 F.2d at 1475). In determining whether a district court arbitrarily or unreasonably denied a motion for a continuance, we examine:

> (1) the diligence of the party requesting the continuance; (2) the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; (3) the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance; (4) the need asserted for the continuance and the harm that appellant might suffer as a result of the district court's denial of the continuance.

United States v. Wynne, 993 F.2d 760, 767 (10th Cir. 1993).

We conclude that three of the four factors favor the Government. For the first factor, we note that after the district court initially extended Defendant's deadline to July 8, Defendant failed to file any pretrial motions. Defendant did not file for another extension until July 29—21 days *past* his first extension deadline. Waiting three weeks *after* a deadline to request a second continuance is far from diligent. As a result, this factor does not favor Defendant.

For the next factor, Defendant asserts on appeal that his attorney requested the second extension for additional time for discovery, to review the file, and "reserve the opportunity" to file a motion to suppress. Even though the district court did not grant the continuation for pretrial motions, the district court did grant Defendant's request to continue the trial date, moving it to the September 2014 docket. This new trial date satisfied Defendant's need for additional time to prepare for trial. As for a potential motion to suppress, Defendant has not shown on what ground he might have based his

motion, nor is there any evidence in the record that Defendant failed to consent to the search of his home. Indeed, the only document cited by Defendant, the Presentence Report, is silent on whether Defendant gave consent. Moreover, officers found the majority of Defendant's firearms on his neighbor's back porch after questioning the neighbor, meaning Defendant would most likely lack standing to seek suppression of these firearms. See United States v. Johnson, 584 F.3d 995, 998–99 (10th Cir. 2009) (holding the exclusionary rule may only be invoked by the person whose Fourth Amendment rights were allegedly violated). Thus, this factor favors the Government.

The third factor slightly favors the Defendant, as the court continued the trial date to the September docket even after denying the second motion to extend the period to file pretrial motions. Thus, there probably would have been little to no additional inconvenience had the court allowed Defendant to file motions within that continued period.

In regard to the fourth factor, the district court had already granted one extension to Defendant. Defendant provided the court with zero compelling reasons for why the pretrial motion period should be reopened and made no indication at the time that he intended to submit any pretrial motions. The district court agreed to move the trial to the September docket. This extension mitigates any harm Defendant argues he would face from sheer unpreparedness for trial. As such, this factor favors the government.

In summary, three factors favor the Government to some extent and only one factor slightly favors the Defendant. Thus, the district court did not act arbitrarily and

unreasonably by denying Defendant a continuation, meaning it did not abuse its discretion.[2] As such, reversal is not warranted.

AFFIRMED.

Entered for the Court,

Bobby R. Baldock
United States Circuit Judge

---

[2] Defendant would fare no better under the material prejudice inquiry. See United States v. Pursley, 577 F.3d 1204, 1228–29 (10th Cir. 2009) (reversal for failure to grant continuance is appropriate only if the failure materially prejudiced the defendant; the defendant bears the burden of showing material prejudice). Here, Defendant contends he was prejudiced because he would have moved to suppress the firearms. But he never tells us the basis for his theoretical motion. Speculation and ambiguity are insufficient to support a finding of material prejudice. See United States v. Simpson, 152 F. 3d 1241, 1251–52 (10th Cir. 1998) (holding mere allegations of prejudice will not suffice, and speculation is insufficient to support a finding of material prejudice).